UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHANNING LAMONTE SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>DEREK CHRISTENSEN, GALIPEAU,<br>GANN,<br><br>    Defendants. | CAUSE NO. 3:23-CV-585-JD-SJF |

OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, filed an amended complaint raising various claims about conditions at the Westville Correctional Facility. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott alleges the Director of Classification Derek Christensen violated his rights by sending him to Westville. It is unclear whether Westville was the first prison where Scott was incarcerated or if he was transferred there, but either way, this allegation does not state a claim.

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
> 
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.

*Meachum v. Fano*, 427 U.S. 215, 224–25 (1976).

Scott alleges various building code violations, but such violations do not state a federal claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). "In any case, the Constitution does not require state actors to enforce their own policies and regulations." *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)).

Nevertheless, the court will evaluate the alleged violations because the Eighth Amendment requires that prison officials "must provide humane conditions of confinement . . . .'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he Constitution does

2

not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012).

Scott alleges his dorm of 80-96 inmates has only one working shower. He alleges only three of the six sinks and four of the six toilets work. Though these limitations likely create scheduling difficulties, he does not allege these limitations prevent him from using the sink, toilet, or shower such that he is denied the minimal civilized measure of life's necessities. *See Jaros v. Ill. Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (noting that limiting inmates to weekly showers does not violate the Eighth Amendment).

Scott alleges there are broken lights which make it difficult to see. He alleges there are broken windows which cause the dorm to be cold when the temperature drops and wet when it rains. He does not explain how these conditions are severe enough to violate the constitution. There is no indication that he is kept in total darkness or that he lacks sufficient clothing and blankets to stay adequately warm and dry.

Scott alleges he is exposed to asbestos. As the Seventh Circuit has explained, "[e]xposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual." *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993). "GSA requires asbestos inspections every 5 years for each federal building built before 1998. But about 2/3 of GSA's buildings haven't

3

been inspected in the last 5 years—including some with no known inspection dates and others that haven't been inspected in more than a decade." *Federal Real Property: More Consistent Monitoring of Asbestos Could Improve Oversight*, GAO-24-106324 (published March 4, 2024). https://www.gao.gov/products/gao-24-106324#:~:text=GSA% 20requires%20asbestos%20inspections%20every,in%20more%20than%20a%20decade. This complaint gives no indication that Scott has more than a moderate exposure to asbestos.

Scott alleges there is black mold in the restrooms, but he does not explain how this causes him any injury. To state a claim based on exposure to environmental conditions, an inmate must allege an objectively serious injury as a result. *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (minor breathing problems caused by secondhand smoke were not an objectively serious injury).

Scott alleges there is standing water in the restrooms, but "[i]t is well established that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Balle v. Kennedy*, 73 F.4th 545, 554 (7th Cir. 2023). He alleges the drinking water is brown, but brown water is usually caused by sediment or iron/rust, which may be unappealing but does not make the water unsafe to drink. *See Ultimate Guide: Discolored Tap Water*, https://mytapscore.com/blogs/tips-for-taps/the-complete-guide-to-discolored-tap-water#section2. This complaint does not allege any harmful effects from drinking the water.

Scott alleges "[t]here's a severe infestation of mice, ants & roaches/spiders which the facility never sprays for or sets traps." This allegation states an injunctive relief

4

claim that he is being denied "the basic human need of rudimentary sanitation in violation of the Eighth Amendment." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). However, it does not state a claim for monetary damages because none of the named defendants are alleged to have been personally deliberately indifferent to these conditions. *See Farmer*, 511 U.S. at 834 (an Eighth Amendment claim has both an objective and a subjective element). Scott names the former warden as a defendant, but not the current warden of the Westville Correctional Facility. In his official capacity, the current warden has both the authority and the responsibility to ensure that Scott is provided rudimentary sanitation. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The current warden will be added and Scott will be granted leave to proceed on a claim for permanent injunctive relief.

Scott alleges some inmates in his dorm have severe mental disorders and engage in extreme behaviors. While it is understandable how this could be disconcerting, Scott does not allege that any of these inmates have injured or even threatened him. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). However, merely witnessing another inmate behave erratically does not state a claim. *See* Doe v. Welborn, 110 F.3d 520, 523–24 (7th Cir. 1997) (Fear of an attack that has not occurred does not violate the Eighth Amendment.).

Scott alleges he is unable to practice his religion because of the unsanitary conditions in his dorm. The complaint provides no facts explaining what conditions or how his religious practice is impacted. To the extent this religion claim is based on his

5

allegations about vermin, any First Amendment or Religious Land Use and Institutionalized Persons Act claim would be coextensive with the Eighth Amendment claim on which he is already proceeding. *See* Hambright *v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) and *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (a complaint "gains nothing by attracting additional constitutional labels"). To the extent it is based on other allegations, this complaint does not plausibly allege facts to state a claim.

For these reasons, the court:

(1) DIRECTS the clerk to add the Westville Correctional Facility Warden as a defendant;

(2) GRANTS Channing Lamonte Scott leave to proceed against the Westville Correctional Facility Warden in his official capacity for permanent injunctive relief to provide rudimentary sanitation to control the severe infestation of mice, ants, roaches, and spiders as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Derek Christensen, Galipeau, and Gann;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Westville Correctional Facility Warden at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 9); and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Westville Correctional Facility Warden to respond, as provided for in the Federal Rules of Civil Procedure

and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 22, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT