UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHANNING LAMONTE SCOTT,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-585-JD-SJF

WARDEN,

    Defendant.

OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, is proceeding in this case "against the Westville Correctional Facility Warden in his official capacity for permanent injunctive relief to provide rudimentary sanitation to control the severe infestation of mice, ants, roaches, and spiders as required by the Eighth Amendment[.]" ECF 12 at 6. The warden filed a motion for summary judgment, arguing Scott did not exhaust his available administrative remedies before filing this lawsuit. ECF 20. Scott filed a response, and the warden filed a reply. ECF 27, ECF 28. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus,

2

when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The warden argues Scott did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim of an infestation of mice, ants, roaches, or spiders in his cellhouse. ECF 21 at 4-6. Specifically, the warden provides Scott's grievance records and an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF"), which show the following facts: During all relevant times, an offender grievance process was in place at WCF which requires inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 20-1 at 2-3. The grievance process was available to Scott, and he submitted numerous grievances around the relevant time period for which he received responses from the grievance office. ECF 20-3. However, nothing in Scott's grievance records indicates he ever submitted any grievance complaining his cellhouse was infested with mice, ants, roaches, or spiders. ECF 20-1 at 6-7.

In his response, Scott does not dispute the warden's evidence that he never fully exhausted any grievance related to his claim in this lawsuit or that he submitted other grievances for which he sometimes received a response. The court therefore accepts that

3

as undisputed.[1] Instead, Scott argues his administrative remedies were unavailable because "I submitted informal grievances in the form of 'written requests,' as well as formal grievances as follow up to the 'written requests,' which were ignored or conveniently disappeared." ECF 27 at 2. Scott does not provide any further explanation or cite any exhibits in support of this assertion, and does not provide copies of these alleged grievances. *See id*.

Here, accepting as true that Scott submitted informal and formal grievances which were ignored by the grievance office, the undisputed facts still show he had available administrative remedies he did not exhaust before filing this lawsuit. First, with regard to Scott's assertion he submitted **informal** grievances which were ignored by the grievance office, this did not make Scott's administrative remedies unavailable because the Offender Grievance Process does not require that an inmate submit, or wait for a response to, an informal grievance before he may proceed with submitting a formal grievance. Rather, the Offender Grievance Process requires only that an inmate make an "unsuccessful attempt at informal resolution" before he may submit a formal

---

[1] Scott's grievance records do show he submitted one grievance complaining of mold, mildew, exposed electrical wires, broken light fixtures, insufficient working showers, and broken sinks and toilets in his cellhouse. ECF 20-4 at 2. Scott's summary judgment response does not address this grievance, and he does not argue that it exhausts his claim in this lawsuit. Regardless, the undisputed facts show this grievance does not exhaust Scott's claim in this lawsuit because it does not allege or put the prison on notice that the cellhouse had any sort of animal or insect infestation. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (The purpose of a grievance is to alert prison officials to a problem and give them "a fair opportunity to address [the prisoner's] complaint"); *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint"); *Buchanan v. Pfister*, No. 17-CV-8075, 2020 WL 902829, at *7 (N.D. Ill. Feb. 25, 2020) (an inmate's grievance complaining he received inadequate medical treatment following an encounter with a skunk did not put the prison on notice of his claim he was being exposed to a skunk infestation in his cellhouse, as the grievance did not "put Defendant on notice that they were concerned about an alleged skunk [] infestation, and did not give Defendant the opportunity to rectify the problem before they filed suit").

grievance. *See* ECF 20-2 at 3. By submitting an informal grievance that was ignored by the grievance office, Scott satisfied the requirement that he make an "unsuccessful attempt at informal resolution" and was therefore allowed to proceed with submitting a formal grievance. Thus, accepting as true that Scott submitted informal grievances that were ignored by the grievance office, the undisputed facts show he still had an administrative remedy available to him because he was allowed to proceed with submitting a formal grievance.

Second, with regards to Scott's assertion he submitted **formal** grievances that were ignored by the grievance office, the Offender Grievance Process provides a remedy for inmates who submit a formal grievance and never receive any receipt or response from the grievance office. Specifically, the Offender Grievance Process provides that an inmate who submits a formal grievance and does not receive a receipt or response from the grievance office within ten business days "shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 20-2 at 9. Scott does not allege or provide any evidence he complied with this requirement, which was a necessary step to exhaust his available remedies. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a formal grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not notify the

5

Grievance Specialist after not receiving a response to his formal grievance). Scott's assertion he submitted informal grievances *before* he submitted his formal grievances is not relevant, as Scott needed to submit a written notice to the Grievance Specialist *after* he received no receipt or response to his formal grievances. *See* ECF 20-2 at 9. Moreover, Scott asserts he submitted his formal grievances to "follow up" after he submitted his *informal grievances*, and he does not allege or provide any evidence that any of the formal grievances he submitted notified or were intended to notify the Grievance Specialist about the lack of response to an earlier *formal* grievance. Thus, accepting as true that Scott submitted informal and formal grievances for which he never received any receipt or response from the grievance office, the undisputed facts still show he had available remedies he did not exhaust before filing this lawsuit.

Accordingly, because the warden has provided undisputed evidence Scott did not fully exhaust any relevant grievance before filing this lawsuit, and Scott provides no evidence showing his administrative remedies were unavailable, the warden has met his burden to show Scott did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of the warden.

For these reasons, the court:

(1) GRANTS the warden's motion for summary judgment (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of the warden and against Channing Lamonte Scott and to close this case.

SO ORDERED on August 26, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT